UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cr-00169-TWP-DML |
| | ) |
| TODD J. WOLFE, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING FIRST STEP ACT MOTION**

This matter is before the Court on Defendant Todd J. Wolfe's ("Mr. Wolfe") *pro se* Motion for Compassionate Release for Extraordinary and Compelling Reasons, pursuant to § 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (2018), which is codified at 18 U.S.C. § 3582(c)(1)(A) (the "First Step Act"). (Dkt. 74.) After appointment of counsel, a response from the Government, two replies from Mr. Wolfe, and a surreply, the Motion is fully briefed. Because Mr. Wolfe is not entitled to relief under § 3582(c)(1)(A)(i), his Motion is **denied.**

### I. BACKGROUND

Mr. Wolfe pled guilty in this Court to one count of bank fraud and one count of bankruptcy fraud. (Dkt. 69 at 1.) On July 6, 2017, the Court sentenced him to concurrent 51-month prison terms for each offense. (*Id.* at 2.) His earliest release date, including good conduct time, is April 11, 2021 (Dkt. 82-1 ¶ 7) (Declaration of Jennifer Wrede). According to Mr. Wolfe, he could have been released to a residential reentry center in June 2019, *see* Dkt. 74 at 2, and should have been been released to home confinement earlier this year, *see id.* at 4−6 (identifying release date of March 21, 2020); *see also* Dkt. 83 at 3 (stating that Mr. Wolfe should have been released to home confinement on February 5, 2020).

Mr. Wolfe has been in custody at the United States Penitentiary in Big Sandy, Kentucky, since November 29, 2018. (Dkt. 82-1 ¶ 8.) On December 4 and 5, 2019, Mr. Wolfe sent two emails to the warden at Big Sandy in an attempt to schedule a meeting "to discuss my specific circumstances and request for 'Compassionate Release' as outlined under the First Step Act." (Dkt. 74-1 at 2.) He asked to discuss "specifics regarding the Bureau of Prisons' failure to implement and provide [him] the benefits as outlined within both the First Step Act as well as the Second Chance Act" and noted that the "extraordinary issue in [his] case" was "[his] continued incarceration, well past [his] pre-release custody date." (Dkt. 74-1 at 3.) The warden responded with an email summarizing Mr. Wolfe's eligibility for home detention and residential reentry center placement. (Dkt. 74-2 at 2.) The email further directed, "If you are inquiring about Reduction in Sentence, please submit in writing as directed by Program Statement 5050.50 Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), § 571.61 Initiation of Request." *Id.* Mr. Wolfe does not allege that he followed this direction.

On January 6, 2020, Mr. Wolfe filed a Motion for Compassionate Release alleging that the federal Bureau of Prisons ("BOP") incorrectly calculated certain time credits available to him and failed to correctly calculate his eligibility for home detention and residential reentry center placement. He argues these errors are "extraordinary and compelling reasons" that warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 74.) In his original motion, he asked the Court to release him immediately to the residential reentry center in Indianapolis. *Id.* at 9. His appointed counsel adopted his original motion in its entirety. (Dkt. 80.) In his counseled reply, Mr. Wolfe repeated his request to be released to a halfway house and for the first time, requested relief because "[t]he COVID-19 pandemic makes his concerns even more pressing." (Dkt. 83 at

7.)  In his counseled supplemental reply, Mr. Wolfe appeared to request immediate release—that is, a reduction of his sentence to time served.  (Dkt. 84.)

Mr. Wolfe is 48 years old and does not allege any health conditions that increase his risk for suffering serious complications from COVID-19.

## II. DISCUSSION

The Government first argues that this Court does not have jurisdiction to adjudicate Mr. Wolfe's claim because any challenge to credit calculations must be made in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  To be sure, a § 2241 petition is the proper vehicle for challenging a BOP credit calculation. *Clemente v. Allen*, 120 F.3d 703, 705 ("[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241.").  But Mr. Wolfe does not ask the Court to correct the BOP's sentence calculation.  He asks the Court to *modify* his sentence and circumvent the BOP's sentence calculation altogether by reducing his sentence to time served based on a finding that the BOP's failure to timely release him to a residential reentry center and/or to home confinement is an "extraordinary and compelling reason" to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  Such a request is not a § 2241 petition, and the Court has jurisdiction to consider Mr. Wolfe's request under 18 U.S.C. § 3582(c)(1)(A)(i).

Although the Court has jurisdiction to consider Mr. Wolfe's Motion, it must be denied.  Mr. Wolfe relies on 18 U.S.C. § 3582(c), which provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

---

[1]The Court assumes that Mr. Wolfe is requesting immediate release with a reduction of his sentence to time served, as stated in his supplemental reply.  To the extent he asks the Court to order that he be allowed to serve the rest of his sentence in a residential reentry center and/or on home confinement, § 3582(c)(1)(A) does not allow the Court to grant such relief.  Instead, the Court may only "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Haney*, 2020 WL 1821988, at *7 (S.D.N.Y. Apr. 13, 2020) ("However, as previously quoted, the statute simply authorizes a court to 'reduce the term of imprisonment,' and says nothing about temporary release or other such exotic possibilities.").

3

>or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The parties dispute whether Mr. Wolfe's emails were enough to exhaust his administrative remedies. The exhaustion requirement is not jurisdictional. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020); *cf. United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015) (holding that criteria for granting sentence reduction in § 3582(c)(2) are not jurisdictional). Thus, the Court will put to the side the thorny issue of exhaustion to tackle the easier issue in this case—that is, whether Mr. Wolfe has presented extraordinary and compelling reasons to warrant a sentence reduction.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3581(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that

4

defendants (and not just the BOP) may move for compassionate release,[2] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2–3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). If so, the Court must determine whether Mr. Wolfe is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Mr. Wolfe argues that the BOP's failure to properly calculate his sentence and place him in a halfway house or on home confinement during the COVID-19 pandemic is an extraordinary and compelling reason for this Court to reduce his sentence. He is mistaken. Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at

---

[2]Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. 5194 at (First Step Act § 603(b)).

least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)."[3] *Id.*, Application Note 1(D).

Mr. Wolfe does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

Mr. Wolfe has not provided extraordinary and compelling reasons to reduce his prison sentence to time served. It is clear that he believes his sentence has been miscalculated and that he should have already been released to a residential reentry center or to home confinement. Such a circumstance does not, however, amount to an extraordinary and compelling reason to reduce his sentence under the First Step Act because there is another remedy for any sentence miscalculation—to file a habeas petition pursuant to 28 U.S.C. § 2241 in his district of confinement after exhausting administrative remedies. Section 2241 establishes a mechanism for a federal inmate who is "in custody" to challenge the execution of (rather than the imposition of) his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). If the BOP has erred in

---

[3] The catchall provision provides, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act to reflect the fact that defendants can now file motions directly in district court. "Accordingly, a majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] ... does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A).'" *United States v. Rodriguez*, __ F.Supp.3d __, 2020 WL 1627331, at *4 (E.D. Penn. 2020) (quoting *United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019)) (collecting cases). Such courts conclude that they have the "discretion to assess whether [a defendant] presents 'extraordinary and compelling reasons' for his release outside of those listed in the non-exclusive criteria of subsections (A)-(C) of the old policy statement." *Id.* at *6; *see also United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 n.5 (D. Conn. Apr. 8, 2020). The Court need not definitively decide this issue, however, because Mr. Wolfe's Motion is due to be denied even if the Court assumes that it has the discretion to determine on its own what constitutes an extraordinary and compelling reason for a sentence reduction.

executing Mr. Wolfe's sentence, the district court in the district where Mr. Wolfe is confined has always been available to correct the error.[4] Mr. Wolfe cannot do an end-run around the requirements of § 2241 by invoking § 3582(c)(1)(A)(i), and he cites no cases finding extraordinary and compelling reasons for a sentence reduction in a similar situation.

Mr. Wolfe's invocation of the public health crisis created by the COVID-19 pandemic does not change this result. He relies entirely on the generalized threat of COVID-19 "if the virus lands in Big Sandy USP," *see* Dkt. 84 at 3 (quoted); *see also* Dkt. 83 at 6, and fails to explain why he is particularly vulnerable to COVID-19. "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Accordingly, Mr. Wolfe has not demonstrated an extraordinary and compelling reason to reduce his prison sentence to time served. Therefore, his Motion for Compassionate Release, (Dkt. [74]), is **DENIED**.

**SO ORDERED.**

Date: 5/22/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Cindy Jane Cho
UNITED STATES ATTORNEY'S OFFICE
cindy.cho@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@usdoj.gov

---

[4] Mr. Wolfe suggests that the Court should excuse his failure to file a § 2241 petition, relying on cases that discuss when a petitioner's failure to fully exhaust administrative remedies may be excused. (Dkt. 83 at 3.) Those cases do not, however, hold that a petitioner can be excused from filing a § 2241 petition.

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov


Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com